UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JASON R. MAYO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:22-CV-73-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| SHELLY VOTAW CONYERS, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On October 25, 2022, the Court ordered Defendants Shelly Votaw Conyers and Dr. Angela

Clifford (collectively, "Defendants") to show cause why default judgment should not be entered

against them for their failure to plead or otherwise respond to the complaint within the period

permitted by Fed. R. Civ. P. 12(a).  [R. 18].  In response to the order to show cause, Defendants

indicate that they "inadvertently failed to notify their employer Wellpath that they had been

personally served with process . . . ."  [R. 21].  Defendants have also filed an answer to the

complaint.  [R. 20].

In this case, the Clerk of the Court did not formally enter default pursuant to Fed. R. Civ.

P. 55(a).  But the "good cause" standard applicable to setting aside such an entry pursuant to Civil

Rule 55(c) provides a useful barometer for testing the sufficiency of the Defendants' response to

the order to show cause.  *Accord Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012) (suggesting

it was procedurally improper for the district court to apply Fed. R. Civ. P. 55(c)'s standard to the

plaintiff's motion for entry of default judgment, but assessing the appropriateness of denying such

relief using the same considerations applicable under Fed. R. Civ. P. 55(c)).  "In determining

whether good cause exists, the district court must consider: (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (cleaned up); *see also Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 769 (6th Cir. 2019) (applying similar factors to the decision whether to grant default judgment against a persistently uncooperative party under Rule 37). Here, the Defendants indicate that their failure to timely respond to the complaint was the result of mere inadvertence. [R. 21]. Apparent negligence, while not always entirely without consequence, does not suggest a level of culpability that would warrant the sanction of default against the offending party. With respect to the second factor, the Court cannot meaningfully assess the strength of the Defendants' defenses to Mayo's claims upon the limited record before it. Finally, given the limited delay in responding to the complaint, there appears to be no meaningful prejudice to the plaintiff. In light of the foregoing, the Court concludes that the Defendants have established good cause for their failure to timely respond to the complaint and will discharge the order to show cause. *Cf. Courser v. Allard*, 969 F.3d 604, 625 (6th Cir. 2020).

Civil actions filed by *pro se* prisoners are exempt from certain requirements regarding initial disclosures and discovery established by Fed. R. Civ. P 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). And such actions are exempt from the scheduling and time limitations set forth in Fed. R. Civ. P. 16. *See* LR 16.1(c); Fed. R. Civ. P. 16(b)(1). The Court will therefore assign this matter to a Magistrate Judge for pretrial management.

Accordingly, the Court **ORDERS** as follows:

1.      The Court's order to show cause **[R. 18]** is **DISCHARGED**.

- 3 -

    2.       This matter is **REFERRED** to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) to conduct all pretrial proceedings, including preparing proposed findings of fact and conclusions of law on any dispositive motions.

    3.       The Clerk of the Court shall **ASSIGN** this matter to a Magistrate Judge.

This the 2nd day of November, 2022.

*Claria Horn Boom*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY